While I concur with the majority that we should reverse and vacate the judgment in this case, I disagree with the majority's conclusion that the court stayed the 5 day sentence conditioned on Gaines' moving from his neighborhood. The court, in my view, may have intended that result, but its sentencing entry did not achieve that goal. A close reading of the entry reflects, in relevant part, the following:
 Probation: 3 years active, which may be converted to inactive at po's discretion and may be terminated if defendant moves * * *.
Nothing suggests imposition of the 5 day jail sentence as a consequence for not moving from the neighborhood. Rather, the journal entry of the court reflects that the 3 year period of probation may be terminated if the defendant would move from his neighborhood. Hence, following the probation review, the trial court improperly considered the factor of whether the defendant moved from his residence as a mitigating factor on whether to impose the 5 day jail sentence.
The real concern here, as pointed out in the majority opinion, is the suspension of both the imposition and execution of sentence, the 25 day period and the 5 day period. This is not a proper sentencing arrangement, and imposition of the 5 day period as imposed on these facts violates the principles enunciated in Gagnon v. Scarpelli (1973), 411 U.S. 778, because of the denial of fundamental due process rights to Gaines.
For these reasons, I concur with the majority.